# Appeals of Benaiah S. Hunt, Executor and Trustee of Estate of J. H. Jones, Deceased.

The sale of land to pay a legacy charged upon it is, by § 59 of the act of February 24, 1834, within the discretion of the orphans' court.

Under the circumstances of this case an order of sale eleven years after the testator's death, *held*, not an abuse of the discretion vested in the court.

(Argued January 17, 1887.  Decided January 24, 1887.)

January Term, 1886, Nos. 240, 241, before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Appeals from a decree of the Orphans' Court of Philadelphia

County declaring legacies charged on land and ordering a sale or mortgage of the land to pay the legacies. Affirmed.

These were proceedings under the act of February 24, 1834, §§ 59, 60, 61 (Purdon's Digest, 556); begun by petitions filed May 29, 1885, by the Western Home for Poor Children, and the Presbyterian Hospital, appellees.

The petitions set forth the death of John H. Jones on September 21, 1874, leaving a will, dated March 16, 1874, which was duly admitted to probate; the grant of letters testamentary to the appellant and one George S. Watson, who was afterwards discharged by the orphans' court; legacies to the petitioners respectively of $5,000, contained in the seventh and tenth items of the will, payable at the expiration of three years after testator's decease, which legacies had not been paid; that the testator died possessed and seised of property personal and real; that his debts had been fully paid. A list of the unsold real estate was given, including sixty-three different properties.

The petitions also set forth that the said testator in his will, after giving and bequeathing various legacies, did give, devise, and bequeath unto the said Benaiah S. Hunt and George S. Watson, their heirs, executors, administrators, and assigns, all the rest, residue, and remainder of his estate, real and personal, in trust to pay the net income, etc.; that there was a power of sale "for the payment of my debts and the legacies which I have given;" and that the legacy was "a charge on the said real estate and upon any other real estate now remaining of the said estate undisposed of."

The petitioners pray for a decree that the lands are charged with the said legacies, that payment of the same with interest and costs be made, or that, in default, payment be enforced by a writ of levari facias, and a citation to show cause.

A citation issued as prayed.

The answer averred that there were three similar legacies, making $20,000 given and payable; that two sums of $6,000 and $4,000 were directed to be set apart immediately after testator's death, for purposes set forth, and that there had been no fund from which this could be done; that there was also due the interest on the said sums; that there were divers annuities and legacies, amounting in the aggregate to a very considerable sum; that there had so far been no net income; that the accre-

tion of taxes, ground rents, interest, etc., during a period of great depression, and costs of repair and necessary alterations, etc., had much more than exhausted the gross receipts; that the estate consisted entirely of real estate, of which much was in vacant ground, heavily encumbered, and a constant drain; that the embarrassment of the executors in dealing with the property was explained by the fact that there was a vacant lot mortgaged for $15,000, the title to which was in litigation and therefore unsalable, but the interest on the mortgage and the taxes had to be paid; that over $90,000 of debts had been paid, the settlement of which required long and costly litigation; that the estate was considered insolvent, and only by great attention, etc., had it been saved; and that a peremptory order of sale might be disastrous.

On October 24, 1885, the court below entered upon each petition a decree by which it was "ordered, adjudged, and decreed that the said legacy of $5,000, with the interest accrued thereon, is a lien and charged upon the lands and premises in the said petition described; that the said Benaiah S. Hunt, executor as aforesaid, is ordered and directed to make payment of the said legacy, with interest and costs, on or before the first day of January, 1886; and in default thereof, it is ordered that a writ of levari facias shall thereupon issue against the said lands and premises, to recover the amount of the said legacy, and interest and costs thereon."

It is stated in appellees' paper book that, on the motion of the appellant, on November 18, 1885, this decree was amended by adding "And it is further ordered that the money may be raised by sale or mortgage under the power in the will."

The assignments of error specified the above decree, but not the amended decree.

*E. M. Hunt* and *J. Howard Gendell,* for appellant.—There is a manifest distinction between a devise of a specific piece of land to an individual, charged with the duty of paying a legacy, as the price he pays for his land, where the general estate of the testator is exempt from the payment, and the mere commingling of the real and personal estate of the testator in one general residuary clause, by which all the property remaining after payment of the legacies is still left with the executors to administer. In the first instance, the devisee of the land,

taking it *cum onere,* assumes the immediate duty of paying the legacy, which is really the price of his land. The legatee, therefore, may proceed against him at once as his debtor. These two are the only persons concerned. The executor is not even a proper party to the proceeding. Fields's Appeal, 36 Pa. 11.

The purpose of the statute was to give a remedy in the orphans' court to a legatee who had no such remedy previously. But under the general powers of the court they can and constantly do control the action of executors in the administration of their trusts.

The award of a writ of levari facias is proper where a single legacy is charged on one single lot of ground devised to a third person (Hart v. Homiller, 23 Pa. 39), but is totally inapplicable to a proceeding in which it is sought to charge all the debts and all the legacies on all the remaining pieces of real estate of the testator. It is used in Pennsylvania as a writ for the sale of property on a specific charge against the specific property, as on a mortgage, mechanics' lien, etc., but not where the judgment is a general lien on all the defendant's property.

*Henry T. Dechert, Henry M. Dechert,* and *Joseph de F. Junkin,* for appellees.—It has been decided by this court that there was no conversion of the real estate effected by the terms of the will of this testator. Hunt's Appeal, 14 W. N. C. 377.

That the real estate is therefore charged with the legacies is clearly settled in the analogous cases of M'Lanahan v. Wyant, 1 Penr. & W. 96, 21 Am. Dec. 363; Hassanclever v. Tucker, 2 Binn. 525; Witman v. Norton, 6 Binn. 395; *Re* Tower, 9 Watts & S. 103, 42 Am. Dec. 319; Mellon's Appeal, 46 Pa. 165, 175.

"When a legacy is or shall be hereafter charged upon, or payable out of real estate, it shall be lawful for the legatee to apply, by bill or petition, to the orphans' court having jurisdiction of the accounts of the executor of the will by which such legacy was bequeathed; whereupon, such court, having caused due notice to be given to such executor, and to the devisee or heir, as the case may be, of the real estate charged with such legacy, and to such other persons interested in the estate, as justice may require, may proceed, according to equity, to make such decree or order touching the payment of the legacy out of such real estate as may be requisite and just." Act Feb. 24, 1834, § 59, P. L. 84, Purdon's Digest, 556.

PER CURIAM:

These two appeals were argued together. They present substantially the same question. It was conceded on the argument that the legacies due to the appellees were chargeable on the real estate under the terms of the will. The duty was imposed on the executor to sell the land at some time, and pay the legacies. Letters testamentary were issued to him in 1874. The order to sell was made in October, 1885. This certainly does not indicate such undue haste as to prove any abuse of the discretionary power vested in the court.

Decrees affirmed and appeals dismissed, at the costs of the respective appellants.